UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: _____

TODD E. WILSON, an individual

    Plaintiff,

v.

PATRIOT NATIONAL, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff Todd E. Wilson ("Wilson") sues Patriot National, Inc., ("Patriot National"), and alleges:

### PARTIES

1. Plaintiff Wilson is an individual who is a citizen of the State of California, residing in Pacific Palisades, California.

2. Defendant Patriot National is a corporation organized under the laws of Delaware with its principal place of business located at 401 E. Las Olas Blvd. Suite 1650, Ft. Lauderdale, FL 33301.

### JURISDICTION

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that (i) the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorneys' fees and (ii) is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that (i) Patriot National resides in this judicial district, (ii) the Confidential Separation Agreement and General Release,

attached as Exhibit 1, provides in Section 17 that venue is in Broward County, Florida, and (iii) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## GENERAL ALLEGATIONS

5.   On or about June 1, 2015, Wilson and Patriot National entered into a written employment agreement ("Employment Agreement") by which Patriot National employed Wilson.

6.   The Employment Agreement set forth the mutual agreement between Wilson and Patriot National with respect to the termination of Wilson's employment and the terms of such termination.

7.   On or about October 20, 2017, Patriot National and Wilson entered into a Confidential Separation Agreement and General Release (the "Separation Agreement"), which sets forth the parties' agreement with respect to the termination of Wilson's employment with Patriot National and which was intended to supersede the Employment Agreement's provisions with respect to the termination of Wilson's employment with Patriot National.

8.   A copy[1] of the Separation Agreement is attached as **Exhibit 1**.[2]

9.   Pursuant to the Separation Agreement, Patriot National agreed to pay Wilson the sum

---

[1] The Separation Agreement contains a confidentiality provision that permits publication of the Separation Agreement in order to enforce the terms of that agreement. However, out of an abundance of caution, Wilson is contemporaneously moving to file the Separation Agreement (Exhibit 1) and Exhibit 3 under seal.

[2] After negotiations between Wilson and Patriot National with respect to the termination of Wilson's employment with Patriot National, a final version of the Separation Agreement was prepared by counsel for Patriot National and forwarded to counsel for Wilson on October 19, 2017. Wilson executed the Separation Agreement on or about October 20, 2017, but mistakenly dated it October 17, 2017. A copy of the Separation Agreement executed by Wilson was forwarded to counsel for Patriot National on or about October 20, 2017. Despite repeated requests, counsel for Patriot National has failed to provide counsel for Wilson with a countersigned version of the Separation Agreement executed by Patriot National.

of[3] $ ▮▮▮▮▮▮▮ (the "Severance Payments"), which would be payable as follows:

   a. $ ▮▮▮▮▮ by October 27, 2017 [4];
   b. $ ▮▮▮▮▮ by November 10, 2017;
   c. $ ▮▮▮▮▮ by November 24, 2017;
   d. $ ▮▮▮▮▮ by December 8, 2017;
   e. $ ▮▮▮▮▮ by December 22, 2017;
   f. $ ▮▮▮▮▮ by January 5, 2018;
   g. $ ▮▮▮▮▮ by January 19, 2018;
   h. $ ▮▮▮▮▮ by February 2, 2018;
   i. $ ▮▮▮▮▮ by February 16, 2018;
   j. $ ▮▮▮▮▮ by March 2, 2018;
   k. $ ▮▮▮▮▮ by March 16, 2018;
   l. $ ▮▮▮▮▮ by March 30, 2018;
   m. $ ▮▮▮▮▮ by April 13, 2018;
   n. $ ▮▮▮▮▮ by April 17, 2018;
   o. $ ▮▮▮▮▮ by May 4, 2018;
   p. $ ▮▮▮▮▮ by May 18, 2018;
   q. $ ▮▮▮▮▮ by June 1, 2018;
   r. $ ▮▮▮▮▮ by June 15, 2018;

---

[3] For the reasons described in the contemporaneously-filed Plaintiff's Motion to File Exhibits to Complaint Under Seal, Plaintiff has redacted certain language in this Complaint that closely tracks language from the Separation Agreement. Plaintiff will provide the Court with an unredacted version of this Complaint for *in camera* review.

[4] The initial payment of $ ▮▮▮▮▮▮▮ was due immediately following the expiration of the revocation period under Section 8(e) of the Separation Agreement. The revocation period expired on October 27, 2017, which was seven (7) calendar days from the date Wilson executed the Separation Agreement.

  s. $▮ by June 29, 2018;

  t. $▮ by July 13, 2018;

  u. $▮ by July 27, 2018;

  v. $▮ by August 10, 2018;

  w. $▮ by August 24, 2018;

  x. $▮ by September 7, 2018; and

  y. $▮ by September 21, 2018.

10. On October 27, 2017, General Counsel for Patriot National, Gex "Jay" Richardson, confirmed in writing that Patriot National intended to honor its obligations under the Separation Agreement. A copy of the text message exchange between Wilson and Patriot National's General Counsel is attached as **Exhibit 2**.

11. Patriot National failed to pay Wilson the initial $▮ of the Severance Payments, which was due by October 27, 2017.

12. In accordance with Section 17 of the Separation Agreement, on October 30, 2017, Wilson provided Patriot National with a written notice of default, ▮▮▮. A copy of the notice of default is attached as **Exhibit 3**.

13. To date, Patriot National has failed to cure the default and has not made any payment to Wilson pursuant to the Separation Agreement.

## COUNT FOR BREACH OF CONTRACT

14. Wilson repeats and re-alleges the allegations in Paragraphs 1 through 13, as if fully set forth herein.

15. The Separation Agreement is a valid and enforceable contract.

16. Wilson has performed all of his obligations under the Separation Agreement.

17. Patriot National has breached the Separation Agreement by failing to pay Wilson the initial $███████ of the Severance Payments, which was due by October 27, 2017.

18. Wilson has suffered damages as a result of Patriot National's breach of the Separation Agreement.

19. Pursuant to Section 17 of the Separation Agreement, Wilson is entitled to a judgment against Patriot National in the amount of $███████, plus reasonable attorney's fees and costs.

20. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

21. Wilson has retained the undersigned law firm and is obligated to pay a reasonable fee for the firm's services.

22. Wilson is entitled to recover his attorneys' fees and costs from Patriot National pursuant to Section 17 of the Separation Agreement and Section 448.08, Florida Statutes.

WHEREFORE, Plaintiff Todd E. Wilson demands judgment against Patriot National, Inc., for damages in the amount of $███████, together with prejudgment interest, reasonable attorneys' fees, and costs.

Dated:  November 7, 2017

Respectfully submitted,

*/s/ Mark J. Neuberger*
Mark J. Neuberger
Florida Bar No. 982024
mneuberger@foley.com
Larry S. Perlman
Florida Bar No. 0091934
lperlman@foley.com
**Foley & Lardner LLP**
2 South Biscayne Blvd., Ste. 1900
Miami, FL 33131
Phone: 305-482-8429
Fax: 305-482-8600
*Attorneys for the Plaintiff*

4813-5866-2228.2